FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 10 2012

JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**DONALD RAMIREZ,**
**JOHN PRITCHARD and CHARLES PETTY** **PLAINTIFFS**

**VS.** **CASE NO. 4:12cv631-JMM**

**ARKANSAS TECH UNIVERSITY;**
**ROBERT C. BROWN, Individually and**
**In his Official Capacity as Arkansas**
**Tech University President; SUSIE NICHOLSON**
**Individually and her Official Capacity as**
**Arkansas Tech University Vice President Student Services;**
**BOARD OF TRUSTEES OF ARKANSAS TECH UNIVERSITY;**
**JOHN ED CHAMBERS, III, TRUSTEE; LEIGH**
**WHITESIDE, TRUSTEE, CHARLES**
**BLANCHARD, TRUSTEE; TOM KENNEDY,**
**TRUSTEE and ERIC BURNETT** **DEFENDANTS**

This case assigned to District Judge Moody
and to Magistrate Judge Ray

## COMPLAINT

Plaintiffs, John Pritchard, Charles Petty and Donald Ramirez, come before this Court by and through their attorneys, Chisenhall, Nestrud, and Julian, P.A., and for their causes of action against the Defendants, state:

### A. Jurisdiction and Parties

1. Plaintiffs are residents of Pope County, Arkansas.

2. The individual named Defendant Trustees, are members of the Arkansas Tech University Board of Trustees. Robert C. Brown is President of Arkansas Tech University and is believed to be a resident of Pope County. Susie Nicholson is Vice President of Student Services of Arkansas Tech University and is believed to be a resident of Pope County.

3. Arkansas Tech University is an educational institution of higher learning with its principal location in Russellville, Arkansas.

4. The unlawful employment practices alleged below were and are being committed within the Eastern District of the State of Arkansas.

5. In this action for declaratory relief, injunctive relief and damages to redress deprivation of rights secured to the Plaintiffs, jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 and 42 U.S.C. §2000(e) *et seq.* as amended and title VII of the Civil Rights Acts of 1964. The jurisdiction of this Court is also invoked to secure protection of and to redress deprivation of rights secured by the Thirteenth Amendment to the United States Constitution and 42 U.S.C. §1981 providing for equal rights of all persons in every state and territory within the jurisdiction of the United States; 42 U.S.C. §1983, 42 U.S.C. §1985 providing for relief from conspiracy to deprive persons of their civil rights; and U.S.C. §1988 providing for protection of all persons in their civil rights. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367.

**B. <u>Statement of Facts</u>**

6. Plaintiffs were formerly employed by Arkansas Tech University as certified law enforcement officers.

7. April 7, 2010, Arkansas Tech University held a training class regarding sexual harassment policies, which policies included provisions for filing a false complaint with malicious intent.

8. Defendants solicited a female employee at Arkansas Tech to wrongfully report that she was harassed by Plaintiffs. The female employee thereafter wrongfully reported that she

was harassed by Plaintiffs and subsequently, Plaintiffs' employment was terminated on August 24, 2011. Plaintiffs' terminations of employment were wrongful.

9. The alleged victim contacted Defendants with allegations that she was sexually harassed on September 30, 2010 and again on July 19, 2011. Defendants performed an investigation in July 2011.

10. The alleged victim engaged in an extra-marital relationship with a part-time University employee beginning sometime during spring or summer of 2010. The relationship was in violation of the alleged victim's Code of Conduct.

11. Her violation of her Code of Conduct was reported to her supervisor by Plaintiff, Don Ramirez, in late June, 2010. Plaintiff Ramirez tried to discourage the relationship in an effort to preserve the workplace stability as well as the parties' marriages. The alleged victims misconduct was not investigated nor was she disciplined for the violation.

12. The extra-marital relationship ultimately contributed to both the parties to the relationship getting divorced from their spouses.

13. After Plaintiff Ramirez reported the alleged victim's violation of the Code of Conduct, the alleged victim made her first allegations that she was sexually harassed, improperly asserting the claim against Plaintiff Ramirez.

14. Defendants failed to investigate those allegations. A reasonable investigation would have revealed that the allegations were false and that the alleged victim was making the report with malice against Plaintiff Ramirez for having reported her affair.

15. After Plaintiff Ramirez reported the affair, the alleged victim lost custody of her minor child to her first husband on September 23, 2010, and her then second husband divorced

her.

16. The alleged victim continued in the romantic relationship referenced above until May or June 2011. On July 18, 2011, Plaintiff Charles Petty told the alleged victim that her former boyfriend was seeing another woman. The alleged victim became enraged at hearing this information.

17. Thereafter, she made her second complaint against Plaintiffs on July 19, 2011. Her complaint was false and made with malice against Plaintiffs.

18. The alleged victim later recanted the substantive allegations against Plaintiffs Petty and Pritchard during a hearing in the Defendants' presence. The alleged victim also recanted significantly allegations made against Plaintiff Ramirez.

19. Defendants failed to conduct an investigation into the allegations they received in September 2010, thereby failing to follow their own written policies.

20. Defendants failed to conduct a meaningful investigation into the allegations they received in July 2011, thereby failing to follow their own written policies.

21. At all times relevant to this Complaint, Arkansas Tech had a practice and policy of treating women preferentially with regards to the application of its stated "Sexual Harassment Policy."

22. At all times relevant to this Complaint, Plaintiffs were adequately performing the duties of their position and received performance evaluations which were meeting or exceeding standards set for the position.

23. Defendants, jointly and severally, acting in concert and individually wrongfully terminated Plaintiffs' employment, violated their constitutional rights of due process, equal

protection, retaliated against them for exercise of a protected right, and violated clearly held public policies of the State of Arkansas.

24. The acts of Defendants, jointly and severally, in their official and individual capacities, proximately caused damages set forth herein.

C. **Violations of Law**

25. That at all times set forth herein, there was in full force and effect, 42 U.S.C. § 1983, which prohibited the deprivation of constitutional rights to persons such as the Plaintiffs, when under color of state law. That the actions and inactions of Defendants were taken under color of state law, and were in derogation of the rights of the plaintiffs, in violation of their protected rights under the Arkansas Constitution and the U.S. Constitution, specifically their rights to Equal Protection of law and Due Process of law.

26. Each Defendant, jointly and severally, denied Plaintiffs their rights secured under the Due Process and Equal Protection clauses of the U.S. Constitution and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101 et. seq., and the Defendants jointly conspired to deprive Plaintiffs of their civil rights.

27. During the course of Plaintiffs' employment, Defendants had a practice and policy of treating women more favorably than men, particularly in regards to application of the sexual harassment policy.

28. The sexual harassment policy, even if neutral on its face, was applied in a sexually discriminatory manner and impacted men adversely because of their gender.

29. Disparate and more lenient discipline was given to the female employees in question, as opposed to the severe action taken against Plaintiffs, male employees.

30. The disparate treatment constituted discrimination on the basis of sex, which is prohibited by Title VII and the Arkansas Civil Rights Act.

31. Following Plaintiffs' termination, they filed complaints with EEOC based upon Title VII. EEOC thereafter issued "Right to Sue" letters, attached hereto as Exhibit "A" and contained herein as if set forth word for word.

**D. Prayer for Relief**

32. As relief for the above-described violations, Plaintiffs request the Court:

a. Grant Plaintiffs a trial by jury to all issues to be heard;

b. Grant judgment against Defendants and all Defendants for any and all compensatory and punitive damages as provided for by law under each and every count and cause of action contained in this complaint;

c. Grant Plaintiffs preliminary injunctive relief and temporary and permanent restraining orders;

d. Grant Plaintiffs an award all costs of this action to be taxed against Defendants;

e. Grant Plaintiffs an award for all costs and attorneys' fees associated with this action;

f. Grant Plaintiffs a finding that the Defendants' conduct was in violation of Title VII, the Arkansas Civil Rights Act, due process and equal protection rights, in breach of his contract for employment, was intentional interference with his T-DROP rights, was intentional interference with his employment contract, was defamatory;

g. Grant Plaintiffs a finding that the Defendants' termination of Plaintiffs' employment were in violation of clearly established public policy;

h. Grant Plaintiffs a finding that the Defendants intentionally inflicted emotional distress upon Plaintiffs;

i. Award Plaintiff back pay, front pay, lost benefits, interest from loss of their employment;

j. Award Plaintiffs reinstatement to their previous position or front pay and restoration of full benefits in lieu of reinstatement.

k. Award Plaintiffs damages for Defendants' violation of their Constitutionally protected rights to be determined by a jury;

l. Award Plaintiffs punitive damages for Defendants' violation of their civil and Constitutional rights; and

m. Award Plaintiffs all other relief to which he may be entitled, including but not limited to the costs of this action, expenses and reasonable attorney's fees.

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFFS,**
**JOHN PRITCHARD, CHARLES PETTY**
**And DONALD RAMIREZ**

**BY:** ______________________________

**DENISE REID HOGGARD, Bar No. 84072**
Chisenhall Nestrud & Julian, P.A.
400 West Capitol Avenue, Suite 2840
Little Rock, Arkansas 72201
(501) 372-5800
dhoggard@cnjlaw.com

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Donald Ramirez**
**1465 Pine Hill Road**
**Dover, AR 72837**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2012-00576** | **Rodney E. Phillips, Investigator** | **(501) 324-6473** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr. / R.P.

**William A. Cash, Jr.,**
**Area Office Director**

JUL 13 2012
*(Date Mailed)*

Enclosures(s)

cc:

**Thomas Pennington**
**Legal Counsel**
**ARKANSAS TECH UNIVERSITY**
**1509 N Boulder Ave**
**Russellville, AR 72801**

**Denise Reid Hoggard**
**Attorney**
**CHISENHALL, NESTRUD & JULIAN**
**400 W. Capitol, Suite 2840**
**Little Rock, AR 72201**

EXHIBIT
A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Charles W. Petty**
**1607 Roy Taylor Road**
**Russellville, AR 72802**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2012-00577** | **Rodney E. Phillips, Investigator** | **(501) 324-6473** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr. / R.P.

**William A. Cash, Jr.,**
**Area Office Director**

JUL 13 2012
*(Date Mailed)*

Enclosures(s)

cc:

**Thomas Pennington**
**Legal Counsel**
**AR TECH UNIVERSITY**
**1509 N Boulder Ave**
**Russellville, AR 72801**

**Denise Reid Hoggard**
**Attorney**
**CHISENHALL, NESTRUD & JULIAN**
**400 W. Capitol, Suite 2840**
**Little Rock, AR 72201**

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Johnny Pritchard**
**8319 Buck Mtn. Road**
**Dover, AR 72837**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2012-00578** | **Rodney E. Phillips, Investigator** | **(501) 324-6473** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your-charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr. / R.P.

**William A. Cash, Jr.,**
**Area Office Director**

JUL 13 2012
*(Date Mailed)*

Enclosures(s)

cc:

**Thomas Pennington**
**Legal Counsel**
**AR TECH UNIVERSITY**
**1509 N Boulder Ave**
**Russellville, AR 72801**

**Denise Reid Hoggard**
**Attorney**
**CHISENHALL, NESTRUD & JULIAN**
**400 W. Capitol, Suite 2840**
**Little Rock, AR 72201**